IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DOROTHY WHITTINGHAM,
ADULT WARD, BY AND THROUGH
SHARON JOHNSON, CONSERVATOR

VS.                                                              CASE NO. 2:06cv11-KS-MTP

CLC OF LAUREL, LLC, COMMUNITY ELDERCARE
SERVICES, LLC, JOHN DOES 1-10 AND JANE
DOES 1-10

### ORDER ON DEFENDANTS' MOTION TO TRANSFER AND ON PLAINTIFFS' MOTION TO REMAND

This cause is before the Court on Defendants' CLC of Laurel, LLC and Community Services Eldercare Services, LLC (hereinafter "Defendants") Motion to Transfer pursuant to 28 U.S.C. § 1404 and 28 U.S.C. § 157(b)(5) and on Plaintiff, Dorothy Whittingham, Adult Ward by and through Sharon Johnson, Conservator (hereinafter "Plaintiff"), Motion to Remand, and the Court after reviewing the applicable law and memoranda submitted finds that the Motion to Transfer should be **sustained** and that the Motion to Remand should be **overruled** at this time, subject to the Plaintiff's option to reurge same, for the following reasons.

### DISCUSSION

Defendants urged this Court to transfer this case to the United States District Court for the Northern District of Georgia, Gainsville Division (the "Georgia Court"). The Georgia Court is the District Court with jurisdiction over the bankruptcy of Community Eldercare Services, LLC, one of the Defendants and presumably jurisdiction over its subsidiaries. Apparently, there are a number of personal injury claims against various entities that are subsidiaries or a part of

Defendant Eldercare.[1]  Defendants request that the venue be transferred and bases it partly on 28 U.S.C. § 1404, which deals with convenience of the parties. Obviously, the Plaintiff in the current case contests this change based on inconvenience.  It clearly would be more convenient for the Plaintiffs to litigate in this district. However, this Court does not have access to the "big picture." One venue needs to manage the legal issues of Defendants and make the determination. Additionally, 28 U.S.C. § 157(b)(5) leaves little doubt that the ultimate venue of the trial in the personal injury case should be determined by the District Court where the bankruptcy case is pending.[2]

Case law, along with this code section, requires this Court to transfer this case to the District Court for the Northern District of Georgia, Gainsville Division.

## PLAINTIFFS' MOTION TO REMAND

The Plaintiff has filed a Motion for Remand and Request for this Court to abstain. This issue needs to be considered as a part of the big picture. The District Court in Georgia should consider this issue.  This Court remains open to instructions and requests from the Georgia Court either to try the case and/or consider the issue of abstention and remand.  However, for the present, the Motion to Remand is **overruled** subject to the right of the Plaintiff to reurge same

---

[1] Defendant's Memorandum at Page 2 lists a number of jointly administered cases from several states including Mississippi.  The Memorandum does not specifically list personal injury litigation, but as with most assisted living businesses, there are usually numerous claims.

[2] The District Court shall order that personally injury, tort and wrongful death claims shall be tried in the District Court in which the bankruptcy case is pending, or in the District Court in the district in which the claim arose, as determined by the District Court in which the bankruptcy case is pending. (Emphasis added) 28 U.S.C. § 157(b)(5).

either before the Georgia Court or here.

## CONCLUSION

This Court finds that, for the reasons above stated, that the above styled and numbered cause should be transferred to the Northen District of Georgia, Gainsville Division for further consideration.

SO ORDERED AND ADJUDGED on this, the <u>21st</u> day of August, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE